IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUTKIEWICZ, et al,<br>*Plaintiffs* | : | CIVIL ACTION NO. 3:03-CV-109 (AVC) |
| v. | : | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF CHILDREN AND<br>FAMILIES, et al,<br>*Defendants* | : | October 11, 2003 |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**

**MOTION TO EXPUNGE BOARD OF EDUCATION RECORDS**

In support of the motion to expunge records at the Board of Education (the "board") and other locations, the Plaintiffs offers up the following.

The Plaintiffs are innocent of any and all allegations made by Defendant Principal, Anne Jellison ("Jellison") and all of her statements are contradictory to the facts and what's actually in the records of all three minor children. Jellison knowingly made false and misleading statements to the Department of Children and Families ("DCF"), which resulted in the false charge of educational neglect and the charge of special needs of Ben Dutkiewicz ("Ben").

**FACTS**

Ben had not gone to Jellison school for 3-years, Ben's records were not at her school, Ben had no special needs because he was tested for special needs and did not require them. Mr. Lees at the office of special needs wrote the Plaintiffs a letter confirming that Ben had no special needs. The Superintendent, Dr. Wasta also stated to Mr. Dutkiewicz in a sit down meeting that Ben had no special needs. Mr. Wasta also approved, condoned and sanctioned the Plaintiffs home schooling of Ben and complied with all local and state requirements to do so. Everything Jellison had stated was not based on Ben's record in the least. Jellison was not given written permission to speak about Ben's record. Jellison was only given permission to speak on or about the twin's educational records.

## HISTORY

There was friction amongst parents and teachers with Jellison's presence and cruelty to children and parents. Within the first several weeks of her presents, she divided the cafeteria into black and white sections. Jellison also discriminated and retaliated against a single black mother by denying her two children from food from the outside. This discrimination act by Jellison resulted in the NAACP filing a suit against Jellison from her blatant acts of racism. Ms. Dutkiewicz also wrote a number of letters to the editor of the Bristol Press complaining about Jellison's appointment but the board refused to do anything. Jellison took this opportunity to retaliate against the Plaintiffs by knowingly making statements that were not in Ben's record and that were totally false and misleading and told DCF with the intent to harm.

The Plaintiffs motion for expungement of the records in the possession of the board and individual schools pertain strictly to anything relating to DCF and the Plaintiffs children relating to DCF. The Plaintiffs are not asking for the board to expunge the academic portion of the record, only that which puts a bad light on the Plaintiffs which would give anyone who has access to the records the false impression that the Plaintiff's children were somehow neglected or abused for which they are not guilty of either. Teachers and office staff have access to the records and the Plaintiffs like all parents who are victims of DCF fear that those individuals will look at the Plaintiffs with a suspicious eye when in fact the Plaintiffs are guilty of nothing and that they are fit parents and are not guilty of neglect or abuse.

## UNCONSTITUTIONAL REPORTING

In fact, DCF policies, statutes and reporting requirements are so broad and nonspecific on what constitutes neglect or abuse which makes them unconstitutional under the equal protection clause of the constitution. The Plaintiffs are in fear of individuals filing false complaints based on the perception that the Plaintiffs were neglectful or abusive. This abuse of power is brought out well in the Scrugs case that is presently in Superior Court in Meriden, Connecticut. DCF and the prosecutors assert that a cluttered home is dangerous yet DCF and the prosecutors failed to show how and why it is dangerous and to what degree a house becomes dangerous and failed to show through expert witness testimony that a cluttered house is dangerous. They also failed to show any connection between a cluttered house and the

psychological well being of a child with expert witness testimony. The reason being is there is no connection and a cluttered house does NOT pose an immanent danger to children. The prosecutors and DCF will loose this case on appeal mark my word. United District Judge, James G. Carr who ruled in the Walsh v. Erie County, 3:01-cv-7588 stated so. DCF policies are ambiguous at best and is suspect do to its very broad opinion. This is also brought out in a recent decision on "Mandated Reporters" in the state of Missouri where the reporting requirements on mandated reporters was to broad and indefinite was unconstitutional when Child Protection attempted to prosecute Leslie Ann Brown on bogus claims.

In conclusion, the Plaintiffs are very concerned on the form and manner in which the Plaintiffs will be dealt now and in the future by the board and teaching staff. The Plaintiffs are also concerned on who has access to these records kept in the individual schools. What is contained in the records will make anyone who has access to those records suspicious of the Plaintiffs, which makes the Plaintiffs feel they are vulnerable when they know what Jellison said was false and misleading and not according to the facts.

The Plaintiff's motion for expungement should be GRANTED in its entirety.

_____
Thomas Dutkiewicz

_____
Aimee Dutkiewicz

## CERTIFICATE OF SERVICE

This is to certify that the Plaintiff has caused a copy of the above-named document was mailed/faxed to the following interested persons on October 11, 2003.

United States District Court
District of Connecticut
Office of the Clerk
United States Court House
450 Main Street
Hartford, CT 06103-3095

Clare E. Kindall, Esq.
Assistant Attorney General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Alexandria L. Voccio, Esq.
Howd & Ludorf
65 Wethersfield Av.
Hartford, CT 06114-1102

Pediatric Associates
10 North Main Street
Bristol, CT 06010-8102

Kaycee Callahan, Esq.
Updike Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123-1277

Patrick M. Fahey, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819

Bonnie Maskery
Rainbow In a Tear Workshops, LLC
16 Minnesota Lane
Bristol, CT 06010-2842

_____
Thomas Dutkiewicz
32 Terryville Av., 3rd Floor
Bristol, CT 06010
(860) 585-1136

_____
Aimee Dutkiewicz