UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR -8 P 3:48
U.S. DISTRICT COURT
HARTFORD, CT.

THOMAS DUTKIEWICZ and AIMEE :
DUTKIEWICZ, individually and :
guardians and next friends for:
their children, BENJAMIN :
DUTKIEWICZ, MANDOLIN :
DUTKIEWICZ, and GARTH :
DUTKIEWICZ, :
   Plaintiffs, :
    :
VS. : Civil No. 3:03cv109 (AVC)
    :
STATE OF CONNECTICUT :
DEPARTMENT OF CHILDREN AND :
FAMILIES, BRISTOL BOARD :
OF EDUCATION, and ANNE :
JELLISON, ET AL., :
   Defendants. :

## RULING ON THE DEFENDANTS, ANNE JELLISON AND THE BRISTOL BOARD OF EDUCATION'S MOTION TO DISMISS

This is an action for money damages and equitable relief brought pursuant to 42 U.S.C. § 1983. The plaintiffs, Thomas and Aimee Dutkiewicz, individually and as guardians of their children, Benjamin, Manolin, and Garth Dutkiewicz, allege that the defendant, Anne Jellison, violated their civil rights when Jellison disclosed, without their consent, Benjamin Dutkiewicz's educational records. The amended complaint can be read to allege: (1) violations of the Family Education Rights Act ("FERPA"), 20 U.S.C. § 1232g; (2) violations of the due process clause of the Fourteenth Amendment to the United States Constitution; (3) retaliation for engaging in protected speech in violation of the First Amendment to the United States Constitution; (4) violations of the right to a fair trial as guaranteed by the Sixth Amendment to the United States Constitution; and (5) violations of the right to privacy as

guaranteed by the Fourteenth Amendment to the United States Constitution.

The issues presented are whether the amended complaint states a cause of action: (1) for a violation of FERPA; (2) for a violation of the due process clause of the Fourteenth Amendment to the United States Constitution; (3) for retaliation in violation of the First Amendment to the United States Constitution; (4) for a violation of the right to a fair trial as guaranteed by the Sixth Amendment to the United States Constitution; and (5) for a violation of the right to privacy as guaranteed by the Fourteenth Amendment to the United States Constitution.

For the reasons hereinafter that follow, no cause of action is stated and, therefore, the motion to dismiss is GRANTED.

## **FACTS**

The amended complaint alleges that the plaintiffs, Thomas and Aimee Dutkiewicz, sought individual and family counseling from the defendant, Bonnie Maskery, through counseling sessions at "Rainbow In a Tear Workshops" in Bristol, Connecticut. During the course of these counseling sessions, Aimee Dutkiewicz disclosed that she was involved in the Wicca belief.

Aimee Dutkiewicz asked Maskery for a receipt for services rendered and for her license number in order to submit that information to her insurance company for payment. When Maskery refused to provide the information, Aimee Dutkiewicz telephoned the Connecticut Department of Public Health ("DPH") to verify

that Maskery was licensed to provide counseling services. The DPH told Aimee Dutkiewicz that Maskery was not licensed to provide such services.

Aimee Dutkiewicz confronted Maskery with this information and told her that she was "going to file a complaint with DPH because of Maskery's deception and [because Aimee Dutkiewicz] paid[] for services not rendered." In response, Maskery threatened to file a domestic violence report with the Connecticut Department of Children and Families ("DCF") against Aimee Dutkiewicz.

On April 12, 2002, Maskery telephoned the DCF hotline, identified herself as a licensed therapist and mandated reporter, and filed a neglect and/or abuse report claiming that Aimee Dutkiewicz had abused her husband and that Aimee Dutkiewicz was a witch who could put "voo doo spells on anyone." The amended complaint alleges the defendants, Rainbow Workshops and Maskery "conspired to file a fraudulent complaint with DCF stating that [Aimee Dutkiewicz] was practicing Wicca" and that Maskery and Rainbow Workshops "deemed such a practice a danger" because Aimee Dutkiewicz "could cast spells on other people. . ."

Based on Maskery's report, on April 12, 2002, DCF initiated an investigation and sent its investigator, one Valerie Jackson, to the Dutkiewicz home. The amended complaint alleges that Jackson interviewed the Dutkiewicz children, and coerced Aimee Dutkiewicz into signing an authorization for the release of information concerning the children by threatening to have the

3

children removed from the home. Aimee Dutkiewicz thereafter signed a release with respect to Mandolin Dutkiewicz and Garth Dutkiewicz. Aimee Dutkiewicz did not sign a release with respect to information concerning Benjamin Dutkiewicz.

On April 26, 2002, Jackson contacted the defendant, Anne Jellison, the principal of Green Hills Middle School in Bristol, Connecticut. Although Aimee Dutkiwicz had only signed releases for Manolin and Garth, Jellison discussed "Ben's alleged educational record." During the course of her conversation with Jackson, Jellison allegedly falsely told Jackson that:

(1) Jellison believed that Benjamin Dutkiewicz should be in a special education program and should not be home-schooled as he is neglected. Contrary to this statement, the amended complaint alleges that the school system tested Benjamin Dutkiewicz and determined that he did not need special education services.

(2) "[T]he plaintiffs are sue happy," and that [Aimee Dutkiwicz] "considers carrying a pet bird. . . bizzare" and that [Mr and Mrs. Dutkiewicz] both [have] some mental health issues."

The amended complaint further alleges that Jellison made these statements with the intent to hurt the plaintiffs, and that such statements were made in retaliation for Aimee Dutkiewicz public opposition, by way of a letter to a local newspaper, objecting to Jellison becoming the principal of Green Hills Middle School. Further, the amended complaint alleges that Jellison actively conspired with DCF to file false charges of education neglect by inventing claims regarding the plaintiffs'

4

mental health and Benjamin Dutkiewic's education needs, and that Jellison willfully denied the plaintiffs their right to a fair trial by presenting false information of fact, which resulted in false charges.

## STANDARD

A motion to dismiss pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure "merely. . . assess[es] the legal feasibility of the complaint, [it does] not assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). A court may dismiss a complaint at this stage only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim." Id. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Conley v. Gibson, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

"Where a plaintiff is appearing pro se, the complaint must be liberally construed in the plaintiff's favor and must be held to `less stringent standards than formal pleadings drafted by lawyers.'" Harvey v. Harvey, No. 3:95cv253, 1996 WL 363135, * 4 (D. Conn. Mar. 25, 1996) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976)). However, the focus of the court remains on the issue of "whether the complaint. . . states any valid ground for relief.'" Harvey, 1996 WL 363135 at *1.

## DISCUSSION

1. <u>FERPA and § 1983</u>

The defendants, Bristol Board of Education and Anne Jellison, first move to dismiss the amended complaint to the extent its alleges a cause of action under FERPA. The defendants maintain that a private right of action is simply unavailable for a violation of FERPA and that 42 U.S.C. § 1983 may not be employed as a conduit for money damages. In response, the plaintiffs argue that they are not "arguing FERPA before the court. . . [and] merely speak about FERPA as a point of interest." The gravamen of the action, according to the plaintiffs' brief, is that "as a point of law" Jellison and the Bristol Board of Education knowingly violated FERPA because they released Benjamin Dutkiewicz's educational record without a signed release.

Accepting the allegations as true, the amended complaint fails to state a cause of action under the non-disclosure provisions of FERPA, 20 U.S.C. § 1232g. This statute simply does not redress individual instances of releasing education records to unauthorized persons. See <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 288 (2002). Further, FERPA's non-disclosure provisions fail to confer a private right of action enforceable under § 1983. <u>Id.</u> The defendants' motion to dismiss the amended complaint to

the extent it alleges a violation of FERPA is therefore granted.

2.  <u>Due Process and the Fourteenth Amendment</u>

The defendants next move to dismiss the amended complaint to the extent it alleges a violation the due process clause of the Fourteenth Amendment to the United States Constitution. They assert that a cause of action is not stated because the amended complaint does not allege a deprivation of a federally protected right. In response, the plaintiffs maintain that a cause of action is stated because Jellison disclosed Benjamin Dutkiewicz's educational record without consent and gave false statements to DCF, and "as a direct result. . . DCF and their conspirators made the false charge of `[e]ducational [n]eglect' in court" and, in this way, violated the plaintiffs' due process rights to liberty, life and to a fair trial.

The court is not persuaded that the amended complaint sufficiently alleges a due process violation. To state a Fourteenth Amendment due process claim, the plaintiffs must demonstrate that the state deprived them of life, liberty or property without due process of law. <u>Waltentas v. Lipper</u>, 636 F. Supp. 331, 334 (S.D.N.Y. 1986). In order to demonstrate the deprivation of a liberty interest, the plaintiffs must show more than injury to a reputation. <u>Siegert v. Gilley</u>, 500 U.S. 226, 239 (1991). The plaintiffs must show impairment of "some more tangible" government benefit, such as government employment. <u>Id.</u> at 240. Further, to show a deprivation of a property interest, the "plaintiffs [are] required to allege facts showing that state

7

action deprived them of a protected property interest." Story v. Green, 978 F.2d 60, 62 (2d Cir. 1992). The specific property interest must be identified. See Natale v. Town of Darien, No. 3:97cv583 (AHN), 1998 WL 91083, *4 (D. Conn. Feb. 26, 1998) (dismissing a due process claim for failure to identify specific property interest that was deprived). Finally, "the plaintiff[s] must show that the interests of whose deprivation [they] complain[] are substantial enough to invoke the protection of federal law and the federal courts." A. Aiudi & Sons v. Town of Plainville, 862 F. Supp. 737, 741 (D. Conn. 1994).

The amended complaint alleges that Jellison disclosed without consent Benjamin Dutkiewicz's educational record and falsely stated: (1) that Benjamin Dutkiewicz should not be home-schooled as he is neglected; (2) that the plaintiffs are sue happy; and (3) that the plaintiffs have some mental health issues. The amended complaint alleges no facts pointing to a deprivation of life. In connection with the claim of deprivation of a liberty interest, the amended complaint does not allege a violation of the due process clause because the amended complaint fails to allege an injury to reputation causing impairment of some tangible, government benefit. Finally, in connection with the claim of deprivation of a property interest, the amended complaint does not allege a due process violation because the pleading fails to identify a specific property right of substantial interest of which the plaintiffs were deprived through the alleged, unauthorized disclosure of Benjamin

8

Dutkiewicz's educational records. For these reasons, the court concludes that the amended complaint fails to allege a violation of the due process clause of the Fourteenth Amendment.

3.  Retaliation and the First Amendment

The defendants next move to dismiss the amended complaint to the extent it may be read to allege a cause of action for retaliation on account of an exercise of free speech in violation of the First Amendment to the United States Constitution. The plaintiffs do not directly respond this argument.

The amended complaint alleges that Jellison falsely stated: (1) that Benjamin Dutkiewicz should not be home-schooled as he is neglected; (2) that the plaintiffs are sue happy; and (3) that the plaintiffs have some mental health issues. The amended complaint further alleges that Jellison made these statements with the intent to hurt the plaintiffs, and that such statements were made in retaliation for Aimee Dutkiewicz public opposition, by way of a letter to a local newspaper, objecting to Jellison becoming the principal of Green Hills Middle School.

The court concludes that the amended complaint can be read, at first glance, to describe a First Amendment retaliation claim.[1] However, because the amended complaint "fails. . . to allege `the loss of a valuable governmental benefit or privilege'

---

[1] The plaintiffs do not articulate the content of the allegedly protected speech, that is, the letter that Aimee Dutkiewicz sent to a local newspaper. For purposes of discussion only, the court will assume that the content of that letter was Constitutionally protected.

9

in retaliation for this protected speech," Powers v. Fallman, 38 Fed.Appx.429, 431, 2002 WL 464013, *2 (9th Cir. 2002) quoting Hyland v. Wonder, 972 F.2d 1129, 1136 (9th Cir. 1992), the court concludes that no cause of action is stated for retaliation in violation of the plaintiffs' right to free speech.[2]

4. Constitutional Right to a Fair Trial

The defendants next move to dismiss the amended complaint to the extent it alleges that the defendants deprived them of their Constitutional right to a fair trial. The plaintiffs do not directly respond to this argument.

The amended complaint alleges that "Jellison willfully denied the plaintiffs their right to a fair trial by presenting false information of fact, which resulted in false charges." The Constitution, however, does not accord the plaintiffs any relief because the relevant provision, the Sixth Amendment, relates solely to criminal proceedings. Reilly v. Leonard, 459 F. Supp. 291, 301 (D. Conn. 1978) ("Sixth Amendment is specifically limited to criminal prosecutions"). As neither the Bristol Board of Education nor Jellison are alleged to have been involved in

---

[2] Further, the amended complaint may also be read to allege a cause of action in common law slander, i.e., the plaintiffs allege that Jellison made false statements concerning the plaintiffs with the intent to hurt them. However, because Jellison made the statements at issue to a DCF investigator in connection with a DCF investigation, the statements at issue are entitled to an absolute privilege because they were made in a quasi-judicial proceeding, and hence no action for slander may be maintained. See Kelly v. Bonney, 221 Conn. 549, 575 (1992); see also MacDonald v. Atlantic Airlines, No. 85 024105 S, 1991 WL 224027 (Conn. Super. Ct. 1991).

any criminal action against the plaintiffs, the motion to dismiss is granted to the extent it alleges a cause of action for denying the plaintiffs their right to a fair trial.

5. Right To Privacy

The defendants next move to dismiss the amended complaint to the extent it may be read to allege a violation of their Constitutional right to privacy. The plaintiffs do not directly respond to this argument.

The amended complaint alleges that Jellison violated the plaintiffs right to privacy by disclosing Benjamin Dutkiewicz's education records without their consent and by making false statements about the plaintiffs. These allegations, however, do not fall within the ambit of personal privacy protected by the Constitution. "The constitutional right to privacy. . . is limited to placing restrictions on the government's power to regulate private conduct in `matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." Reilly v. Leonard, 459 F. Supp. 291, 299-300 (D. Conn. 1978). A "teacher's disclosure of information, observations, and impressions of students [does not] rise to the level of invading intimate privacies that have been recognized as part of the privacy penumbra of constitutional rights." Cudjoe v. Independent School Dist. No. 12, 297 F.3d 1058, 1063 (10th Cir. 2002). The motion to dismiss is therefore granted to the extent it alleges a cause of action for violating the plaintiffs' Constitutional right to privacy.

11

## CONCLUSION

For the foregoing reasons, the motion to dismiss (document no. 79) is GRANTED.

It is so ordered, this 8th day of March, 2004, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge