UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

3:03cv109 (AVC). March 8, 2004. This is an action for equitable relief alleging violations of the 1st, 4th, 5th 6th, 9th, 11th, and 14th Amendments to the United States Constitution. It is brought pursuant to 42 U.S.C. § 1983. The plaintiffs allege that the Connecticut Department of Children & Families ("DCF"), the Office of the Attorney General, and 15 named state employees violated their Constitutional rights when DCF, in April of 2002, investigated a complaint of child neglect, substantiated the complaint, and then filed a petition alleging neglect with the Connecticut juvenile court. In December of 2002, the state of Connecticut withdrew the petition alleging neglect. The plaintiffs contend that the initial neglect complaint was a lie and that DCF should have known it was false because the reporter, Bonnie Maskery, was not a properly licensed therapist. The plaintiffs also contend that DCF failed to give Miranda -type warnings during the initial investigation, that pediatricians and a public school gave DCF improper and inaccurate information, and that the neglect petition and social study filed with the Connecticut juvenile court was inaccurate and false. The plaintiffs also contend that the neglect complaint should not have been substantiated, and that the administrative appeal process has been slow in dealing with their appeal of the substantiation decision. The plaintiffs seek to hold DCF and its commissioner, the office of the Attorney General, several high ranking DCF officials, and two assistant attorneys general liable for their alleged failure to supervise investigators and other subordinates, and for their alleged unconstitutional conduct and policies. Further, the plaintiffs allege that the confidentiality provisions of Conn. Gen. Stat. § 17a-28 are unconstitutional as they violate the Sixth Amendment to the United States Constitution. The state of Connecticut and each official/employee of the state named as a defendant herein now moves to dismiss the action. Having reviewed the parties' submissions, the court first concludes that, because DCF and the office of the Attorney General are state agencies, dismissal is required as state agencies are not persons for purposes of suit under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Dismissal is also required with respect to each defendant named in his/her official capacity because, while a plaintiff may bring an action for prospective equitable relief to redress alleged violations of the Constitution by state officials acting in their official capacities, the amended complaint fails to sufficiently allege any Constitutional violation or injury. Because no Constitutional violation is stated, the action is also dismissed with respect to the defendants named in their individual capacities. Finally, to the extent the amended complaint purports to allege a civil RICO cause of action, no such action is stated as a matter of law. The motions to dismiss (document nos. 82 and 110) are therefore GRANTED in their entirety.
SO ORDERED.

Alfred V. Covello, U.S.D.J.