**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DUTKIEWICZ, et al,                    CIVIL ACTION NO. 3:03-CV-109 AVC
*Plaintiffs*

v.

STATE OF CONNECTICUT
DEPARTMENT OF CHILDREN AND
FAMILIES, et al,
*Defendants*                          April 5, 2004

## NOTICE OF APPEAL

1. Pursuant to F.R.A.P. 4(a)(1), <u>*Dutkiewicz, et al*</u>, hereby gives notice and appeals to the
   United States Court of Appeals for the Second Circuit from the following Judgment and
   rulings:

   a. Judgment – **Dated March 15, 2004**.

   b. <u>Plaintiff's Motion to Disqualify Counsel for Defendant Anne Jellison</u>. **Ruled on**
      **March 8, 2004**.

   c. <u>Plaintiff's Motion to compel all Defendants to Expunge Their Records of all</u>
      <u>statements on or about the Plaintiffs</u>. **Ruled on March 8, 2004**.

   d. <u>Plaintiff's Motion for Default on Defendants Bonnie Maskery and Rainbow In a</u>
      <u>Tear Workshops, LLC</u>. **Ruled on March 8, 2004**.

   e. <u>Motion for Default Judgment Against Defendants Bonnie Maskery, Rainbow in a</u>
      <u>Tear Workshops, LLC and Pediatric Associates, LLC</u>. **Ruled on March 8, 2004**.

   f. <u>Ruling on the Defendants, Anne Jellison and the Bristol Board of Education's</u>
      <u>Motion to Dismiss</u>. **Ruled on March 8, 2004**.

g.  Defendants Maskery Memorandum of Law in Support of Their Motion to Dismiss. **Ruled on March 8, 2004**

h.  Plaintiff's Motion for Emergency Injunctive Relief. **Ruled on March 8, 2004**.

i.  Defendants Hodder and Clark's Motion to Dismiss. **Ruled on March 8, 2004**.

j.  Judge Covello's order on "state defendant's" motion to dismiss (running statement). **Ruled on March 8, 2004**.

2.  The Judgment/order in this action was entered on **March 15, 2004**.

_____
Thomas Dutkiewicz, Sui Juris
32 Terryville Av., #3
Bristol, CT 06010-4157
(860) 585-1136

_____
Aimee Dutkiewicz, Sui Juris
32 Terryville Av., #3
Bristol, CT 06010-4157
(860) 585-1136



## CERTIFICATE OF SERVICE

This is to certify that the Plaintiff has caused a copy of the above-named document was mailed/faxed to the following interested persons on April 5, 2004.

### FIRST CLASS MAIL:

United States District Court
District of Connecticut
Office of the Clerk
United States Court House
450 Main Street
Hartford, CT 06103

Clare E. Kindall, Esq.
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

Alexandria L. Voccio, Esq.
Howd & Ludorf
65 Wethersfield Av.
Hartford, CT 06114

Pediatric Associates, LLC
10 North Main Street
Bristol, CT 06010

Kaycee Callahan, Esq.
Updike Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123-1277

Patrick M. Fahey, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

Bonnie Maskery
Rainbow In a Tear Workshops, LLC
16 Minnesota Lane
Bristol, CT 06010

_____
Thomas Dutkiewicz, Sui Juris
32 Terryville Av., 3rd Floor
Bristol, CT 06010-4157
(860) 585-1136

_____
Aimee Dutkiewicz, Sui Juris
32 Terryville Av., #2
Bristol, CT 06010-4157
860-585-1136

Short Title:     Dutkiewicz, et al, v.
                 Department of Children and Families, et al     Docket No.   3:03-cv-109

## NOTICE OF APPEARANCE

Appearance for (provide name of party):    *Thomas Dutkiewicz*

**Status of Party:**
(X) Appellant/Petitioner                              ( ) Cross-Appellee/Cross Respondent
( ) Appellee/Respondent                               ( ) Intervenor
( ) Cross-Appellant/Cross-Petitioner                  ( ) Amicus Curiae
( ) Other (Specify): _____
( ) An attorney will argue this appeal.
   ■   Name of attorney who will argue appeal, if other than counsel of record: _____
   ■   Date of arguing attorney's admission to this Court (month, day, year): _____
   ■   Other Federal/State Bar admissions: (month, day, year): _____

(X) I am a *pro se* litigant who is not an attorney.
( ) I am an incarcerated *pro se* litigant.

### TIME REQUEST

( )     Oral argument is not desired.
(X)     Oral argument is desired.  Party requests _____ minutes or multi-co-parties
        request a total of *120* minutes to be apportioned as follows:

        If more than 20 minutes per side is requested, set forth reasons:     28 defendants with their
                                                                              attorneys of record

---

### AVAILABILITY OF COUNSEL/*PRO SE* LITIGANT

I understand that the person who will argue the appeal must be ready at any time during or after the week of argument which appears on the scheduling order.

(X)     I know of no dates which would be inconvenient.
( )     I request that the argument of this appeal not be calendared for the following dates, which are inconvenient.  I have
        included religious holidays.

---

COUNSEL OR *PRO SE* LITIGANT MUST ADVISE THE COURT IN WRITING OF ANY CHANGE IN AVAILABILITY. FAILURE TO DO SO MAY BE CONSIDERED BY THE COURT IN DECIDING MOTIONS FOR ADJOURNMENT BASED ON UNAVAILABILITY.

### RELATED CASES

(X)     This case has not been before this Court previously.
( )     This case has been before this Court previously.  The short title, docket number and citation are: _____

( )     Matters related to this appeal or involving the same issue have been or presently are before this Court.  The short
        titles, docket numbers and citations are: _____

---

Signature of counsel of record or *pro se* litigant:          Signature of counsel who will argue the appeal,
                                                              if different:

                                   *Sui Juris*

Type or Print Name                                            Type or Print Name
Name of Firm:
Address:
Telephone:                          Date                       Telephone:                    Date:

---

 **ORIGINAL**

**Short Title:** Dutkiewicz, et al, v.
Department of Children and Families, et al    **Docket No.** 3:03-cv-109

## NOTICE OF APPEARANCE

Appearance for (provide name of party): _Aimee Dutkiewicz_

**Status of Party:**
(X) Appellant/Petitioner
( ) Appellee/Respondent
( ) Cross-Appellant/Cross-Petitioner
( ) Other (Specify): _____
( ) An attorney will argue this appeal.
    ■    Name of attorney who will argue appeal, if other than counsel of record: _____
    ■    Date of arguing attorney's admission to this Court (month, day, year): _____
    ■    Other Federal/State Bar admissions: (month, day, year): _____

( ) Cross-Appellee/Cross Respondent
( ) Intervenor
( ) Amicus Curiae

(X) I am a *pro se* litigant who is not an attorney.
( ) I am an incarcerated *pro se* litigant.

### TIME REQUEST

( )    Oral argument is not desired.
(X)    Oral argument is desired. Party requests _____ minutes or multi-co-parties
    request a total of _120_ minutes to be apportioned as follows:

If more than 20 minutes per side is requested, set forth reasons:    28 defendants with their
attorneys of record

### AVAILABILITY OF COUNSEL/*PRO SE* LITIGANT

I understand that the person who will argue the appeal must be ready at any time during or after the week of argument which appears on the scheduling order.

(X)    I know of no dates which would be inconvenient.
( )    I request that the argument of this appeal not be calendared for the following dates, which are inconvenient. I have included religious holidays.

COUNSEL OR *PRO SE* LITIGANT MUST ADVISE THE COURT IN WRITING OF ANY CHANGE IN AVAILABILITY. FAILURE TO DO SO MAY BE CONSIDERED BY THE COURT IN DECIDING MOTIONS FOR ADJOURNMENT BASED ON UNAVAILABILITY.

### RELATED CASES

(X)    This case has not been before this Court previously.
( )    This case has been before this Court previously. The short title, docket number and citation are: _____

( )    Matters related to this appeal or involving the same issue have been or presently are before this Court. The short titles, docket numbers and citations are: _____

Signature of counsel of record or *pro se* litigant: _[signature]_ Sui Juris

Signature of counsel who will argue the appeal, if different: _[signature]_

**Type or Print Name**
**Name of Firm:**
**Address:**
**Telephone:**    **Date**

**Type or Print Name**
**Telephone:**    **Date:**

Nov. 2002    -12-    **ORIGINAL**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT FILED

THOMAS DUTKIEWICZ and AIMEE
DUTKIEWICZ, on behalf of BENJAMIN
DUTKIEWICZ, MADOLIN DUTKIEWICZ
and GARTH DUTKIEWICZ, minors

2004 MAR 15 P 3: 17

U.S. DISTRICT COURT
HARTFORD, CT.

V.

CASE NO. 3:03CV00109(AVC)

RAINBOW IN A TEAR WORKSHOPS,
BONNIE MASKERY, I/O, KRISTINE
RAGAGLIA, I/O, SUSAN BOMBARDIER,
I/O, VALERIE JACKSON, I/O, NANA-KIA
JOHNSON, I/O, GREG HUDSON, I/O, LISA
SEDLOCK-REIDER, I/O, RAYMOND
MADORE, I/O, CHRISTINE LAU, I/O,
ROBERT LAPADULA, I/O, MAUREEN DALY,
I/O, KATHERINE HART, I/O, ROBIN O'SHEA,
I/O, JUNE WEIHN, I/O, JEAN AUGERI, I/O,
EILEEN HYJEK, I/O, DONALD SHEVCHUK,
I/O, STATE OF CONNECTICUT OFFICE OF
THE ATTORNEY GENERAL, SUSAN
PEARLMAN, I/O, KARROL-ANN BROWN,
I/O, SHERRI LABOWSKI, I/O, BRISTOL
BOARD OF EDUCATION, ANN JELLISON, I/O,
PEDIATRIC ASSOCIATES, INC., DELBERT
HODDER, I/O, CAROLYN CLARK, I/O and
DEPARTMENT OF CHILDREN & FAMILIES

## JUDGMENT

This action having commenced by a complaint and having been assigned to the

Honorable Alfred V. Covello, United States District Judge; and

The defendant, Eileen Hyjek having been voluntarily dismissed by plaintiffs on April 21,

2003, and

The plaintiffs, having failed to state a claim as to the defendants, Pediatric Associates,

Inc. and Rainbow In A Tear Workshops; and further

The remaining defendants having filed their motions to dismiss, and the Court having considered the full record of the case, including applicable principles of law and on March 8, 2004 having granted the motions to dismiss, it is hereby

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered dismissing the plaintiffs' amended complaint in its entirety.

Dated at Hartford, Connecticut, this 15th day of March, 2004.

KEVIN F. ROWE, Clerk

By: _Jo-Ann Walker_____

Jo-Ann Walker
Deputy Clerk

EOD: _____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DUTKIEWICZ, et al,
*Plaintiffs*

v.

STATE OF CONNECTICUT
DEPARTMENT OF CHILDREN AND
FAMILIES, et al,
*Defendants*

CIVIL ACTION NO. 3:03-CV-109 (AVC)

August 6, 2003

## PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

## FOR DEFENDANT ANNE JELLISON

Plaintiffs have made claims against the Bristol Board of Education (the "board") and an individual Defendant Anne Jellison ("Jellison") who was an employee of the board. Jellison no longer works for the board in any capacity for over a month. In fact she works in the town of Winchester, Connecticut for that Board of Education now.

The Plaintiffs stated that Jellison lied and committed fraud when she willfully gave fraudulent information to governmental officials, which resulted in the false charge of educational neglect when she was asked what was in the Plaintiffs son's record even though their son Ben had not gone there in 3 years, the records were not even located there and Jellison was not given permission to release or talk about Ben's record. Jellison's actions was intentional misconduct, and a willful and wanton act to ensure the parents got punished due to the fact that there was hatred by Jellison against the Plaintiffs for their opposition to Jellison's appointment.

Jellison was specifically asked about Ben's record and Jellison exceeded the scope of her authority and spoke about the Plaintiffs son's educational needs and any special needs which was totally incorrect and in opposition to the actual record. Those above her namely Superintendent, Michael Wasta approved the home schooling and the Plaintiffs filled out all the appropriate paperwork. Andrew Lees, head of Special Education stated along with Wasta that Ben had no special needs yet Jellison told governmental officials that Ben was special needs and should be in school. DCF officials took what

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

DUTKIEWICZ, et al,
*Plaintiffs*

v.

STATE OF CONNECTICUT
DEPARTMENT OF CHILDREN AND
FAMILIES, et al,
*Defendants*

CIVIL ACTION NO. 3:03-CV-109 (AVC)

2003 SEP 10 A 11: 41

US DISTRICT COURT
HARTFORD CT

September 8, 2003

**PLAINTIFF'S MOTION TO COMPEL ALL DEFENDANTS TO EXPUNGE THEIR RECORDS**

**OF ALL STATEMENTS ON OR ABOUT THE PLAINTIFFS**

On August 26, 2003, Adjudicator, Dale H. King, J.D. ("King") from the Administrative Hearings Unit, overturned and reversed the substantiation ("allegations") against Mrs. Dutkiewicz due to the fact that The Department of Children and Families ("DCF") could not support any of their allegations with evidence. That is why they had to withdraw their fraudulent petition on December 18, 2002. DCF did not have any evidence to support "medical neglect", "education neglect" and "emotional neglect" against Mrs. Dutkiewicz, and likewise DCF could to produce any evidence to support medical neglect, educational neglect and physical neglect on Mr. Dutkiewicz. All of these allegations were a direct result of failing to conduct a proper investigation due to their gross incompetence and gross negligence, which resulted in the violations of the Plaintiffs due process rights. A sham proceeding is not due process.

Nothing on what Defendants, Valerie Jackson ("Jackson"), Supervisor Greg Hudson ("Hudson") said at the April 1, 2003 hearing was credible or truthful. Nothing what Defendants Katherine Hart ("Hart"), Supervisor Maureen Daly ("Daly"), Supervisor Robert Lapadula ("Lapadula") said at the plea hearing or in their social study was credible or truthful. Nothing what Defendant Lisa Sedlock-Reider ("Reider") swore to in the petition she wrote was credible or truthful. Nothing on what any of the state Defendants said could be supported by any evidence yet they proceeded anyway on mere allegations like they do on all parents.

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUTKIEWICZ, et al,<br>*Plaintiffs* | CIVIL ACTION NO. 3:03-CV-109 (AVC) |
| v. | |
| ~~ST~~ATE OF CONNECTICUT<br>~~DEPART~~TMENT OF CHILDREN AND<br>FAMILIES, et al,<br>*Defendants* | August 20, 2003 |

**PLAINTIFF'S MOTION FOR DEFAULT ON DEFENDANTS**

**BONNIE MASKERY AND RAINBOW IN A TEAR WORKSHOPS, LLC**

[In su]pport of Plaintiff's motion for default on Defendants Bonnie Maskery ("Maskery") and

[Rainbow In a] Tear Workshops, LLC ("Rainbow") the Plaintiffs state the following.

[On o]r about January 30, 2003, federal marshals properly served Maskery.  Maskery has not filed

[an appearanc]e nor has she filed an answer to the complaint since this time.

[On o]r about January 30, 2003, federal marshals properly served Rainbow In a Tear Workshops,

[LLC. Rainb]ow has not filed an appearance nor have they filed an answer to the complaint since this time.

[In c]onclusion, please accept this "Motion for Default" and **GRANT** the Plaintiff's motion for

[default on b]oth named Defendants.

_____
[Aimee Dut]kiewicz
[... A]v., 3rd Floor
[...]6010
[...]36

_____
Aimee Dutkiewicz

3:03cv109 (AVC).  DENIED as the amended complaint does not state
a cause of action against any of the named defendants.
SO ORDERED.
Alfred V. Covello, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUTKIEWICZ, et al,
*Plaintiffs*

CIVIL ACTION NO. 3:03-CV-109 (AVC)

v.

STATE OF CONNECTICUT
DEPARTMENT OF CHILDREN AND
FAMILIES, et al,
*Defendants*

September 4, 2003

**MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS BONNIE MASKERY,**

**RAINBOW IN A TEAR WORKSHOPS, LLC AND PEDIATRIC ASSOCIATES**

On August 20, 2003, Plaintiffs filed a "Motion for Default" with the clerk against Bonnie

Maskery ("Maskery") and Rainbow In a Tear Workshops, LLC ("Rainbow") and Pediatric Associates

("Pediatric") for failing to file an appearance and an answer to the complaint. Judgment should be

entered in favor of the Plaintiffs and as a result of the Defendants failure to file, it is deemed to be an

admission that the demands of the Plaintiff's complaint are valid and true.

In the case of Pediatric, the monetary damages, which include punitive and compensatory

damages in the amount of $500,000.00, be awarded to the Plaintiffs. That Pediatric created, allowed and

promoted an atmosphere of being "DCF happy" which harmed the Plaintiffs and denied them their due

process rights and civil rights. Pediatric is responsible for policy and training and do to their actions and

inactions, office personnel along with both Drs. Hodder and Clark conspired and misrepresented the

Plaintiffs children's records which resulted in the false charges of "Medical Neglect" and "Physical

Neglect". Office personnel took a perfectly normal child's record and proceeded to go through those

records and pick and choose three and four word sound bites without explanation and wrote it on a pre

made form by Pediatric and faxed that information to DCF.

Up to April 12, 2003, when the investigation started by DCF, Pediatric had no concern what so

ever nor did Drs. Hodder and Clark or their office staff on what they were about to unleash on the

Plaintiffs. This practice of putting any old information on the form even if it was 4-years old from the

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS DUTKIEWICZ, pro se, et al<br>*Plaintiffs*<br><br>vs.<br><br>BONNIE MASKERY, pro se, et al<br>*Defendants* | CIVIL ACTION NUMBER<br><br>3:03-CV-109(AVC)<br><br><br><br>AUGUST 1, 2003 |

## DEFENDANTS MASKERY et al MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Pursuant to F.R.C.P. 12(B)(6), defendants Bonnie Maskery, pro se, et al move to dismiss the claims asserted by Thomas Dutkiewicz, Aimee Dutkiewicz, minor Benjamin Dutkiewicz, minor Mandolin Dutkiewicz, and minor Garth Dutkiewicz (collectively, the "plaintiffs") for failure to state a claim upon which relief can be granted.

Defendants Maskery, pro se, et al hereby adopts the legal arguments as presented by Drs. Hodder and Clark and Pediatric Associates, Inc, dated July 18, 2003. I am not a **State Actor** and Drs. Hodder and Clark and Pediatric Associates, Inc. motion to dismiss also applies to defendants Bonnie Maskery, pro se, et al.

RESPECTFULLY SUBMITTED,

BY: *Bonnie Maskery, et al pro se*
BONNIE MASKERY, et al, pro se
16 MINNESOTA LANE
BRISTOL, CT 06010-2842
TEL: (860) 584-2816
FAX: (860) 589-6391
E-mail: pmaskery@snet.net

March 8, 2004. Construed as a motion to dismiss, the motion is granted. As a private person, the defendant, Bonnie Maskery, may not be sued under 42 U.S.C. section 1983 for alleged violations of the Constitution. To the extent the amended complaint may be read to allege a common law cause of action for slander, such an action may be filed in state court.
SO ORDERED.

Alfred V. Covello, U.S.D.J.
2004 MAR -8 3:49

1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DUTKIEWICZ, et al,
*Plaintiffs*

v.

STATE OF CONNECTICUT
DEPARTMENT OF CHILDREN AND
FAMILIES, et al,
*Defendants*

CIVIL ACTION NO. 3:03-CV-109 (AVC)

July 23, 2003

### PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF

The Plaintiffs move this Court for an Order pursuant to Rule 65(a) of the Federal Rules of Civil

Procedure Rule enjoining the Department of Children and Families ("DCF") and its employees, and the

Office of Attorney Generals ("OAG") and its employees collectively called the (state "Defendants") and

Superior Court Juvenile Judges ("Judges") and its employees from abridging parent's and children's 4th,

5th and 14th Amendment rights guaranteed by the constitution when government officials attempt to

conduct an investigation on private property and the parents assert those rights on behalf of themselves

and their children by denying those governmental officials access to their home until those state statutes

and policies are amended to protect both the parent's and children's rights.

A memorandum of law in support of this motion has been submitted to the Court.

_____
Thomas Dutkiewicz
32 Terryville Av., 3rd Floor
Bristol, CT 06010
(860) 585-1136

*Aimee L. Dutkiewicz*
Aimee Dutkiewicz


ORIGINAL

*[left margin, handwritten:]* DENIED as the plaintiffs have failed to show either irreparable harm or a likelihood of success on the merits of this action.

Alfred V. Covello, U.S.D.J.

March 8, 2004.
SO ORDERED.

*[handwritten marginal note, left margin, rotated:]* March 8, 2004. The motion is granted for substantially the same reasons set forth in the defendants, Hodder and Clark's Memorandum of Law In Support of Their Motion to Dismiss. SO ORDERED

*[handwritten marginal note, left margin, rotated:]* Alfred V Covello, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS DUTKIEWICZ, ET AL., | : | CIVIL ACTION NUMBER |
| Plaintiffs, | : | 3:03CV109 (AVC) |
| v. | : | |
| STATE OF CONNECTICUT DEPARTMENT | : | |
| OF CHILDREN AND FAMILIES, ET AL. | : | |
| Defendants. | : | JULY 18, 2003 |

**DEFENDANTS HODDER AND CLARK'S**
**MOTION TO DISMISS**

Pursuant to F.R.C.P. 12(b)(6), defendants Delbert Hodder, M.D. ("Hodder") and Carolyn Clark, M.D. ("Clark"), move to dismiss the claims asserted by Thomas Dutkiewicz, Aimee Dutkiewicz, minor Benjamin Dutkiewicz, minor Madolin Dutkiewicz and minor Garth Dutkiewicz (collectively, the "Plaintiffs") for failure to state a claim upon which relief can be granted.

The plaintiffs' constitutional claims fail to state a claim because there is no allegation that Drs. Hodder and Clark were state actors. The claim under Conn. Gen. Stat. § 20-7c fails to state a claim because the statute confers no private cause of action for damages and there is no allegation that the plaintiffs were required to pay any amount beyond the statutory cap to copy their medical records.

Finally, the plaintiffs' claims based upon the disclosure of records made by the moving defendants to

**ORAL ARGUMENT REQUESTED**

145

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

3:03cv109 (AVC).  March 8, 2004.  This is an action for equitable relief alleging violations of the 1st, 4th, 5th 6th, 9th, 11th, and 14th Amendments to the United States Constitution.  It is brought pursuant to 42 U.S.C. § 1983.  The plaintiffs allege that the Connecticut Department of Children & Families ("DCF"), the Office of the Attorney General, and 15 named state employees violated their Constitutional rights when DCF, in April of 2002, investigated a complaint of child neglect, substantiated the complaint, and then filed a petition alleging neglect with the Connecticut juvenile court.  In December of 2002, the state of Connecticut withdrew the petition alleging neglect.  The plaintiffs contend that the initial neglect complaint was a lie and that DCF should have known it was false because the reporter, Bonnie Maskery, was not a properly licensed therapist. The plaintiffs also contend that DCF failed to give <u>Miranda</u> - type warnings during the initial investigation, that pediatricians and a public school gave DCF improper and inaccurate information, and that the neglect petition and social study filed with the Connecticut juvenile court was inaccurate and false.  The plaintiffs also contend that the neglect complaint should not have been substantiated, and that the administrative appeal process has been slow in dealing with their appeal of the substantiation decision.  The plaintiffs seek to hold DCF and its commissioner, the office of the Attorney General, several high ranking DCF officials, and two assistant attorneys general liable for their alleged failure to supervise investigators and other subordinates, and for their alleged unconstitutional conduct and policies.  Further, the plaintiffs allege that the confidentiality provisions of Conn. Gen. Stat. § 17a-28 are unconstitutional as they violate the Sixth Amendment to the United States Constitution.  The state of Connecticut and each official/employee of the state named as a defendant herein now moves to dismiss the action.  Having reviewed the parties' submissions, the court first concludes that, because DCF and the office of the Attorney General are state agencies, dismissal is required as state agencies are not persons for purposes of suit under § 1983.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989).  Dismissal is also required with respect to each defendant named in his/her official capacity because, while a plaintiff may bring an action for prospective equitable relief to redress alleged violations of the Constitution by state officials acting in their official capacities, the amended complaint fails to sufficiently allege any Constitutional violation or injury. Because no Constitutional violation is stated, the action is also dismissed with respect to the defendants named in their individual capacities.  Finally, to the extent the amended complaint purports to allege a civil RICO cause of action, no such action is stated as a matter of law.  The motions to dismiss (document nos. 82 and 110) are therefore GRANTED in their entirety.
SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.

UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

THOMAS DUTKIEWICZ and AIMEE      :
DUTKIEWICZ, individually and     :      2004 MAR -8 P 3: 48
guardians and next friends for:  :
their children, BENJAMIN         :      U.S. DISTRICT COURT
DUTKIEWICZ, MANDOLIN             :
DUTKIEWICZ, and GARTH            :
DUTKIEWICZ,                       :
   Plaintiffs,                    :
                                  :      Civil No. 3:03cv109 (AVC)
VS.                               :
                                  :
STATE OF CONNECTICUT             :
DEPARTMENT OF CHILDREN AND       :
FAMILIES, BRISTOL BOARD          :
OF EDUCATION, and ANNE           :
JELLISON, ET AL.,                :
   Defendants.                    :

## RULING ON THE DEFENDANTS, ANNE JELLISON AND THE BRISTOL BOARD OF EDUCATION'S MOTION TO DISMISS

This is an action for money damages and equitable relief brought pursuant to 42 U.S.C. § 1983.  The plaintiffs, Thomas and Aimee Dutkiewicz, individually and as guardians of their children, Benjamin, Manolin, and Garth Dutkiewicz, allege that the defendant, Anne Jellison, violated their civil rights when Jellison disclosed, without their consent, Benjamin Dutkiewicz's educational records.  The amended complaint can be read to allege: (1) violations of the Family Education Rights Act ("FERPA"), 20 U.S.C. § 1232g; (2) violations of the due process clause of the Fourteenth Amendment to the United States Constitution; (3) retaliation for engaging in protected speech in violation of the First Amendment to the United States Constitution; (4) violations of the right to a fair trial as guaranteed by the Sixth Amendment to the United States Constitution; and (5) violations of the right to privacy as

guaranteed by the Fourteenth Amendment to the United States
Constitution.

The issues presented are whether the amended complaint
states a cause of action: (1) for a violation of FERPA; (2) for a
violation of the due process clause of the Fourteenth Amendment
to the United States Constitution; (3) for retaliation in
violation of the First Amendment to the United States
Constitution; (4) for a violation of the right to a fair trial as
guaranteed by the Sixth Amendment to the United States
Constitution; and (5) for a violation of the right to privacy as
guaranteed by the Fourteenth Amendment to the United States
Constitution.

For the reasons hereinafter that follow, no cause of action
is stated and, therefore, the motion to dismiss is GRANTED.

<u>**FACTS**</u>

The amended complaint alleges that the plaintiffs, Thomas
and Aimee Dutkiewicz, sought individual and family counseling
from the defendant, Bonnie Maskery, through counseling sessions
at "Rainbow In a Tear Workshops" in Bristol, Connecticut.  During
the course of these counseling sessions, Aimee Dutkiewicz
disclosed that she was involved in the Wicca belief.

Aimee Dutkiewicz asked Maskery for a receipt for services
rendered and for her license number in order to submit that
information to her insurance company for payment.  When Maskery
refused to provide the information, Aimee Dutkiewicz telephoned
the Connecticut Department of Public Health ("DPH") to verify

2

that Maskery was licensed to provide counseling services.  The
DPH told Aimee Dutkiewicz that Maskery was not licensed to
provide such services.

Aimee Dutkiewicz confronted Maskery with this information
and told her that she was "going to file a complaint with DPH
because of Maskery's deception and [because Aimee Dutkiewicz]
paid[] for services not rendered."  In response, Maskery
threatened to file a domestic violence report with the
Connecticut Department of Children and Families ("DCF") against
Aimee Dutkiewicz.

On April 12, 2002, Maskery telephoned the DCF hotline,
identified herself as a licensed therapist and mandated reporter,
and filed a neglect and/or abuse report claiming that Aimee
Dutkiewicz had abused her husband and that Aimee Dutkiewicz was a
witch who could put "voo doo spells on anyone."  The amended
complaint alleges the defendants, Rainbow Workshops and Maskery
"conspired to file a fraudulent complaint with DCF stating that
[Aimee Dutkiewicz] was practicing Wicca" and that Maskery and
Rainbow Workshops "deemed such a practice a danger" because Aimee
Dutkiewicz "could cast spells on other people. . ."

Based on Maskery's report, on April 12, 2002, DCF initiated
an investigation and sent its investigator, one Valerie Jackson,
to the Dutkiewicz home.  The amended complaint alleges that
Jackson interviewed the Dutkiewicz children, and coerced Aimee
Dutkiewicz into signing an authorization for the release of
information concerning the children by threatening to have the

3

children removed from the home.  Aimee Dutkiewicz thereafter
signed a release with respect to Mandolin Dutkiewicz and Garth
Dutkiewicz.  Aimee Dutkiewicz did not sign a release with respect
to information concerning Benjamin Dutkiewicz.

On April 26, 2002, Jackson contacted the defendant, Anne
Jellison, the principal of Green Hills Middle School in Bristol,
Connecticut.  Although Aimee Dutkiwicz had only signed releases
for Manolin and Garth, Jellison discussed "Ben's alleged
educational record."  During the course of her conversation with
Jackson, Jellison allegedly falsely told Jackson that:

(1) Jellison believed that Benjamin Dutkiewicz should be in
a special education program and should not be home-schooled as he
is neglected.  Contrary to this statement, the amended complaint
alleges that the school system tested Benjamin Dutkiewicz and
determined that he did not need special education services.

(2)  "[T]he plaintiffs are sue happy," and that [Aimee
Dutkiwicz] "considers carrying a pet bird. . . bizzare" and that
[Mr and Mrs. Dutkiewicz] both [have] some mental health issues."

The amended complaint further alleges that Jellison made
these statements with the intent to hurt the plaintiffs, and that
such statements were made in retaliation for Aimee Dutkiewicz
public opposition, by way of a letter to a local newspaper,
objecting to Jellison becoming the principal of Green Hills
Middle School.  Further, the amended complaint alleges that
Jellison actively conspired with DCF to file false charges of
education neglect by inventing claims regarding the plaintiffs'

4

mental health and Benjamin Dutkiewic's education needs, and that Jellison willfully denied the plaintiffs their right to a fair trial by presenting false information of fact, which resulted in false charges.

## STANDARD

A motion to dismiss pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure "merely. . . assess[es] the legal feasibility of the complaint, [it does] not assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). A court may dismiss a complaint at this stage only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim." Id. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Conley v. Gibson, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

"Where a plaintiff is appearing pro se, the complaint must be liberally construed in the plaintiff's favor and must be held to `less stringent standards than formal pleadings drafted by lawyers.'" Harvey v. Harvey, No. 3:95cv253, 1996 WL 363135, * 4 (D. Conn. Mar. 25, 1996) (quoting Estelle v. Gamble, 429 U.S. 97,

5

106 (1976)).  However, the focus of the court remains on the
issue of `whether the complaint. . . states any valid ground for
relief.'"  Harvey, 1996 WL 363135 at *1.

**DISCUSSION**

1.  <u>FERPA and § 1983</u>

The defendants, Bristol Board of Education and Anne
Jellison, first move to dismiss the amended complaint to the
extent its alleges a cause of action under FERPA.  The defendants
maintain that a private right of action is simply unavailable for
a violation of FERPA and that 42 U.S.C. § 1983 may not be
employed as a conduit for money damages.  In response, the
plaintiffs argue that they are not "arguing FERPA before the
court. . . [and] merely speak about FERPA as a point of
interest."  The gravamen of the action, according to the
plaintiffs' brief, is that "as a point of law" Jellison and the
Bristol Board of Education knowingly violated FERPA because they
released Benjamin Dutkiewicz's educational record without a
signed release.

Accepting the allegations as true, the amended complaint
fails to state a cause of action under the non-disclosure
provisions of FERPA, 20 U.S.C. § 1232g.  This statute simply does
not redress individual instances of releasing education records
to unauthorized persons.  <u>See Gonzaga University v. Doe</u>, 536 U.S.
273, 288 (2002).  Further, FERPA's non-disclosure provisions fail
to confer a private right of action enforceable under § 1983.
<u>Id.</u>  The defendants' motion to dismiss the amended complaint to

6

the extent it alleges a violation of FERPA is therefore granted.

2.  Due Process and the Fourteenth Amendment

The defendants next move to dismiss the amended complaint to the extent it alleges a violation the due process clause of the Fourteenth Amendment to the United States Constitution.  They assert that a cause of action is not stated because the amended complaint does not allege a deprivation of a federally protected right.  In response, the plaintiffs maintain that a cause of action is stated because Jellison disclosed Benjamin Dutkiewicz's educational record without consent and gave false statements to DCF, and "as a direct result. . . DCF and their conspirators made the false charge of `[e]ducational [n]eglect' in court" and, in this way, violated the plaintiffs' due process rights to liberty, life and to a fair trial.

The court is not persuaded that the amended complaint sufficiently alleges a due process violation.  To state a Fourteenth Amendment due process claim, the plaintiffs must demonstrate that the state deprived them of life, liberty or property without due process of law.  Waltentas v. Lipper, 636 F. Supp. 331, 334 (S.D.N.Y. 1986).  In order to demonstrate the deprivation of a liberty interest, the plaintiffs must show more than injury to a reputation.  Siegert v. Gilley, 500 U.S. 226, 239 (1991).  The plaintiffs must show impairment of "some more tangible" government benefit, such as government employment.  Id. at 240.  Further, to show a deprivation of a property interest, the "plaintiffs [are] required to allege facts showing that state

7

action deprived them of a protected property interest." <u>Story v.
Green</u>, 978 F.2d 60, 62 (2d Cir. 1992). The specific property
interest must be identified. <u>See</u> <u>Natale v. Town of Darien</u>, No.
3:97cv583 (AHN), 1998 WL 91083, *4 (D. Conn. Feb. 26, 1998)
(dismissing a due process claim for failure to identify specific
property interest that was deprived). Finally, "the plaintiff[s]
must show that the interests of whose deprivation [they]
complain[] are substantial enough to invoke the protection of
federal law and the federal courts." <u>A. Aiudi & Sons v. Town of
Plainville</u>, 862 F. Supp. 737, 741 (D. Conn. 1994).

The amended complaint alleges that Jellison disclosed
without consent Benjamin Dutkiewicz's educational record and
falsely stated: (1) that Benjamin Dutkiewicz should not be home-
schooled as he is neglected; (2) that the plaintiffs are sue
happy; and (3) that the plaintiffs have some mental health
issues. The amended complaint alleges no facts pointing to a
deprivation of life. In connection with the claim of deprivation
of a liberty interest, the amended complaint does not allege a
violation of the due process clause because the amended complaint
fails to allege an injury to reputation causing impairment of
some tangible, government benefit. Finally, in connection with
the claim of deprivation of a property interest, the amended
complaint does not allege a due process violation because the
pleading fails to identify a specific property right of
substantial interest of which the plaintiffs were deprived
through the alleged, unauthorized disclosure of Benjamin

8

Dutkiewicz's educational records.  For these reasons, the court
concludes that the amended complaint fails to allege a violation
of the due process clause of the Fourteenth Amendment.

3.    Retaliation and the First Amendment

The defendants next move to dismiss the amended complaint to
the extent it may be read to allege a cause of action for
retaliation on account of an exercise of free speech in violation
of the First Amendment to the United States Constitution.  The
plaintiffs do not directly respond this argument.

The amended complaint alleges that Jellison falsely stated:
(1) that Benjamin Dutkiewicz should not be home-schooled as he is
neglected; (2) that the plaintiffs are sue happy; and (3) that
the plaintiffs have some mental health issues.  The amended
complaint further alleges that Jellison made these statements
with the intent to hurt the plaintiffs, and that such statements
were made in retaliation for Aimee Dutkiewicz public opposition,
by way of a letter to a local newspaper, objecting to Jellison
becoming the principal of Green Hills Middle School.

The court concludes that the amended complaint can be read,
at first glance, to describe a First Amendment retaliation
claim.[1]  However, because the amended complaint "fails. . . to
allege `the loss of a valuable governmental benefit or privilege'

---

[1] The plaintiffs do not articulate the content of the
allegedly protected speech, that is, the letter that Aimee
Dutkiewicz sent to a local newspaper.  For purposes of discussion
only, the court will assume that the content of that letter was
Constitutionally protected.

9

in retaliation for this protected speech," <u>Powers v. Fallman</u>, 38
Fed.Appx.429, 431, 2002 WL 464013, *2 (9th Cir. 2002) <u>quoting</u>
<u>Hyland v. Wonder</u>, 972 F.2d 1129, 1136 (9th Cir. 1992), the court
concludes that no cause of action is stated for retaliation in
violation of the plaintiffs' right to free speech.[2]

4.    <u>Constitutional Right to a Fair Trial</u>

The defendants next move to dismiss the amended complaint to
the extent it alleges that the defendants deprived them of their
Constitutional right to a fair trial.  The plaintiffs do not
directly respond to this argument.

The amended complaint alleges that "Jellison willfully
denied the plaintiffs their right to a fair trial by presenting
false information of fact, which resulted in false charges."  The
Constitution, however, does not accord the plaintiffs any relief
because the relevant provision, the Sixth Amendment, relates
solely to criminal proceedings.  <u>Reilly v. Leonard</u>, 459 F. Supp.
291, 301 (D. Conn. 1978) ("Sixth Amendment is specifically
limited to criminal prosecutions").  As neither the Bristol Board
of Education nor Jellison are alleged to have been involved in

---

[2] Further, the amended complaint may also be read to allege
a cause of action in common law slander, i.e., the plaintiffs
allege that Jellison made false statements concerning the
plaintiffs with the intent to hurt them.  However, because
Jellison made the statements at issue to a DCF investigator in
connection with a DCF investigation, the statements at issue are
entitled to an absolute privilege because they were made in a
quasi-judicial proceeding, and hence no action for slander may be
maintained.  <u>See</u> <u>Kelly v. Bonney</u>, 221 Conn. 549, 575 (1992); <u>see
also</u> <u>MacDonald v. Atlantic Airlines</u>, No. 85 0241015 S, 1991 WL
224027 (Conn. Super. Ct. 1991).

any criminal action against the plaintiffs, the motion to dismiss
is granted to the extent it alleges a cause of action for denying
the plaintiffs their right to a fair trial.

5.   Right To Privacy

The defendants next move to dismiss the amended complaint to
the extent it may be read to allege a violation of their
Constitutional right to privacy.  The plaintiffs do not directly
respond to this argument.

The amended complaint alleges that Jellison violated the
plaintiffs right to privacy by disclosing Benjamin Dutkiewicz's
education records without their consent and by making false
statements about the plaintiffs.  These allegations, however, do
not fall within the ambit of personal privacy protected by the
Constitution.  "The constitutional right to privacy. . . is
limited to placing restrictions on the government's power to
regulate private conduct in `matters relating to marriage,
procreation, contraception, family relationships, and child
rearing and education." Reilly v. Leonard, 459 F. Supp. 291,
299-300 (D. Conn. 1978).  A "teacher's disclosure of information,
observations, and impressions of students [does not] rise to the
level of invading intimate privacies that have been recognized as
part of the privacy penumbra of constitutional rights." Cudjoe
v. Independent School Dist. No. 12, 297 F.3d 1058, 1063 (10th
Cir. 2002).  The motion to dismiss is therefore granted to the
extent it alleges a cause of action for violating the plaintiffs'
Constitutional right to privacy.

11

## CONCLUSION

For the foregoing reasons, the motion to dismiss (document no. 79) is GRANTED.

It is so ordered, this 8th day of March, 2004, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

12