

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED DCCT/NHCt
03cv109
2005 NOV 10 P 1:55  Covello

SUMMARY ORDER  U.S. DISTRICT COURT
NEW HAVEN, CT

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of June, two thousand and five.

PRESENT:

    Hon. John M. Walker, Jr.,
        _Chief Judge_,
    Hon. Pierre N. Leval,
    Hon. Dennis Jacobs,
        _Circuit Judges_.

(UNITED STATES COURT OF APPEALS FILED JUN 22 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT)

------------------------------------X

THOMAS DUTKIEWICZ, AIMEE DUTKIEWICZ,
    _Plaintiffs-Appellants_,

    - v. -

DOCKET No.: 04-1881-CV

EILEEN HYJEK, I/O,
    _Defendant_,

RAINBOW IN A TEAR WORKSHOPS, LLC, et al.,
    _Defendants-Appellees_.
------------------------------------X

| APPEARING FOR APPELLANT: | THOMAS DUTKIEWICZ, _pro se_, Bristol, CT |
|---|---|
| APPEARING FOR APPELLEES STATE OF CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, ATTORNEY GENERAL, STATE OF CONNECTICUT, AND NAMED STATE EMPLOYEES: | CLARE E. KINDALL, Assistant Attorney General (Richard Blumenthal, Attorney General for the State of Connecticut, on the brief), Hartford, CT |

-ISSUED AS MANDATE: SEP 29 2005

| | |
|---|---|
| APPEARING FOR APPELLEES BRISTOL BOARD OF EDUCATION AND ANNE JELLISON | ALEXANDRIA L. VOCCIO, Howd & Ludorf (Thomas R. Gerarde, on the brief), Hartford, CT |
| APPEARING FOR APPELLEES BONNIE MASKERY AND RAINBOW IN A TEAR WORKSHOPS, LLC | JAMES H. LEE, Law Office of James H. Lee, Fairfield, CT |
| APPEARING FOR APPELLEES DELBERT HODDER, MD, CAROLYN CLARK, MD, and PEDIATRIC ASSOCIATES, INC. | BARBARA A. FREDERICK, Updike, Kelly, Spellacy, P.C., Hartford, CT |

Appeal from the United States District Court of Connecticut (Alfred V. Covello, District Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants Aimee and Thomas Dutkiewicz appeal from the judgment of the district court dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs' amended complaint filed against the Connecticut Department of Children and Families ("DCF"), several DCF employees, the Connecticut Attorney General ("AG"), several assistant attorneys general, and certain educators, doctors, and counselors that were involved in a neglect complaint against the Dutkiewiczes that was filed with DCF, DCF's investigation of that complaint, or a neglect petition filed against the Dutkiewiczes by DCF and the AG in state court that was subsequently withdrawn. In their complaint, the Dutkiewiczes alleged claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, 18 U.S.C. §§ 241 and 242, the Child Abuse Prevention & Treatment & Adoption Reform Act ("CAPTA"), the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, for violation of FERPA's non-disclosure requirements, and under 42 U.S.C. §§ 1983 and 1985 for violations of their rights under the First, Fourth, Fifth, Sixth, Ninth, Eleventh, and Fourteenth Amendments. We assume familiarity with the facts and with the issues raised on appeal.

We review the dismissal of a claim under Rule 12(b)(6) de novo. See Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). In doing so, we "tak[e] all factual allegations as true and constru[e] all reasonable inferences in the plaintiff[s'] favor." Lee v. Bankers Trust, 166 F.3d 540, 543 (2d Cir. 1999). Moreover, when, as here, appellants are proceeding pro se, we construe their appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). The rule

favoring liberal construction of pro se submissions is especially applicable to civil rights claims. See Weixel v. Bd. of Ed., 287 F.3d 138, 146 (2d Cir. 2002). We will not affirm a district court's dismissal unless it appears beyond doubt that a plaintiff can present no set of supporting facts that would entitle him to relief. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

Having thoroughly considered appellants' arguments and the record below, we find no error in the district court's orders dismissing appellants' claims. Specifically, we conclude that: (1) the Dutkiewiczes have affirmatively waived their FERPA claim, as they contend in their appellate brief that they are not stating claims under FERPA, but rather are using the statute as "a point of law"; (2) even if not waived, there is no private right of action under FERPA and its non-disclosure requirements may not be enforced pursuant to § 1983, see Gonzaga Univ. v. Doe, 536 U.S. 273, 288 (2002); and (3) appellants' RICO claims are deemed waived because they have not been pursued on appeal, see LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995).

With respect to plaintiffs' § 1983 claims for constitutional violations, we conclude that: (4) DCF and the AG's office are not "persons" subject to suit under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); (5) the Dutkiewiczes failed to sufficiently allege any constitutional violation or injury with respect to their claims against the named assistant attorneys general and DCF employees, who, in any event, were entitled to either qualified or absolute immunity with respect to their roles in the investigation and prosecution of child neglect charges; (6) plaintiffs failed to allege the deprivation of any property or liberty interest, see Hynes v. Squillace, 143 F.3d 653, 658 (2d Cir. 1998) (per curiam), or that, in addition to damage to their reputations, the Dutkiewiczes have suffered a state-imposed burden or alteration of their status or rights as a result of the challenged proceedings as required to pursue their due process claims, see Paul v. Davis, 424 U.S. 693 (1976); (7) plaintiffs failed to allege that their speech was chilled or that they have been deprived of any governmental benefit or privilege as required to pursue their First Amendment retaliation claim, see Curly v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001); Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998); (8) plaintiffs have no claim under the Sixth Amendment, which applies only to criminal defendants; (9) plaintiffs' claims against Hodder, Clark, Pediatric Associates, and Maskery fail because none of these defendants is a "state actor" and, further, negligence claims are not cognizable under § 1983, see Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); (10) the Dutkiewiczes fail to offer any support for their allegation that the state's purpose in investigating and

3

prosecuting the neglect claim was to suppress their Wiccan beliefs or conduct, in violation of the Free Exercise Clause; and (12) plaintiffs have failed to allege that student educational records are subsumed within a federally protected privacy right.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*
Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *[signature]*
DEPUTY CLERK

4